**EXBER, INC., d/b/a El Cortez Hotel,** Petitioner,

v.

**NATIONAL LABOR RELATIONS BOARD,** Respondent.

No. 21362.

United States Court of Appeals Ninth Circuit.

March 5, 1968.

Fredrick N. Richman (argued), Sidney R. Korshak, David H. Mendelsohn, Chicago, Ill., for appellant.

Harvey Letter (argued), Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, Wayne S. Bishop, Joseph C. Thackery, N.L.R.B., Washington, D. C., Roy O. Hoffman, Director N.L.R.B., San Francisco, Cal., for appellee.

Before CHAMBERS and HAMLEY, Circuit Judges, and JAMESON, District Judge.

JAMESON, District Judge:

This case is before the court upon the petition of Exber, Inc., d/b/a El Cortez Hotel, pursuant to section 10(f) of the National Labor Relations Act, as amended (61 Stat. 136, 73 Stat. 519, 29 U.S.C. Sec. 151 et seq.) to review an order of the National Labor Relations Board issued on September 29, 1966. The Board has cross-petitioned for enforcement of its order.

The Board found that the company violated Section 8(a) (1) of the National Labor Relations Act by coercively interrogating certain employees, threatening them with reprisals for engaging in union activities, and creating the impression that it was keeping the employees' union activities under surveillance. The Board also found that the company discharged

five employees because of their union adherence in violation of Section 8(a) (3) of the Act.[1]

Petitioner operates a hotel, restaurant, bar and gaming casino in Las Vegas, Nevada. On June 29, 1964, the American Federation of Casino and Gaming Employees (Union) filed an unfair labor practice charge, alleging that plaintiff unlawfully discharged William Cox on June 22, 1964. On October 19, 1964, the Union filed a first amended charge alleging that Louis Cantalamessa and Robert Jones were unlawfully discharged on June 28, 1964. On April 21, 1965, the Board issued an unfair labor practice complaint.

On July 7, 1965, the Union filed a second amended charge, alleging that David Conner and David Waggoner were discriminatorily discharged on June 28, 1964. On July 28, 1965, the complaint was amended to add the names of Conner and Waggoner as alleged discriminatees.

The contentions of petitioner may be summarized as follows:

1. The amendment to the complaint adding Conner and Waggoner as alleged discriminatees was in fact a new and substitute unfair labor practice charge and is barred by the six-month statute of limitations prescribed by section 10(b) of the Act.[2]

2. The bias and hostility of the trial examiner deprived petitioner of due process of law.

3. The Board's findings that petitioner unlawfully terminated the employ-

ment of the five employees are not supported by substantial evidence, and in each instance the employee was discharged for good cause.

4. The Board's findings that supervisors of petitioner unlawfully interrogated the employees are not supported by any credible evidence.

Section 10(b) "has been uniformly interpreted to authorize inclusion within the complaint of amended charges —filed after the six months' limitation period—which 'relate back' or 'define more precisely' the charges enumerated within the original and timely charge. The 'relating back' doctrine for this purpose has been liberally construed to give the Board wide leeway for prosecuting offenses unearthed by its investigatory machinery, set in motion by the original charge. * * * " National Labor Relations Board v. Gaynor News Co., 2 Cir. 1952, 197 F.2d 719, 721, Radio Officers Union, etc. v. N.L.R.B., affirmed 347 U.S. 17, 74 S.Ct. 323, 98 L.Ed. 455. (See note 30, 347 U.S. 34, 74 S.Ct. 332).[3]

The "relation back" doctrine was recognized in a situation factually similiar to this case in N.L.R.B. v. Dinion Coil Co., 2 Cir. 1952, 201 F.2d 484, where at the hearing the complaint was amended to include two employees discharged about seven months before the filing of the amendment.[4] After citing cases construing section 10(b) the court said:

"The holding of these decisions may be summarized thus: (1) A complaint,

---

1. Section 8(a) provides in pertinent part: "It shall be an unfair labor practice for an employer—
    "(1) to interfere with, restrain, or coerce employees in the exercise of the rights guaranteed in section 7;
    "(3) by discrimination in regard to hire or tenure of employment or any term or condition of employment to encourage or discourage membership in any labor organization;"
    Section 7, relating to "Rights of Employees", includes the "right to self-organization, to form, join or assist labor organizations * * *."

2. Section 10(b) provides that " * * * no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board * * * "

3. See also Kansas Milling Co. v. N.L.R.B., 10 Cir. 1950, 185 F.2d 413; N.L.R.B. v. Stafford Trucking Inc., 7 Cir. 1967, 371 F.2d 244.

4. "Charges of unlawful discharges of designated employees were filed, amended and served by August 21, 1950. This was within six months from July 21, 1950, the date of those discharges. A complaint based on these charges was filed on Jan-

as distinguished from a charge, need not be filed and served within the six months, and may therefore be amended after the six months. (2) If a charge was filed and served within six months after the violations alleged in the charge, the complaint (or amended complaint), although filed after the six months, may allege violations not alleged in the charge if (a) they are closely related to the violations named in the charge, and (b) occurred within six months before the filing of the charge."

 We conclude that the amendment to include the two additional employees who were discharged at the same time and under the same conditions as the two employees included in the first amended charge clearly relates to the violation specified in the original charge, is not inconsistent therewith, and clarifies and properly relates back to the original charge.[5]

 With respect to the other specifications of error, the Board's determination must be accepted if it has "warrant in the record and a reasonable basis in law". N.L.R.B. v. Hearst Publications, 322 U.S. 111, 64 S.Ct. 851, 88 L.Ed. 1170. The court may disturb the Board's determination "only in case the Board has acted arbitrarily and without substantial evidence to support its action." Consolidated Aircraft Corp. v. N.L.R.B., 9 Cir. 1944, 141 F.2d 785, 787.[6] The court may not displace the "Board's choice between two fairly conflicting views", even though the court might have made a "different choice had the matter been before it de novo". National Labor Relations Board v. Walton Mfg. Co., 1962, 369 U.S. 404, 405, 82 S.Ct. 853, 854, 7 L.Ed.2d 829.[7]

 From a review of the whole record we conclude that the Board's findings are supported by substantial evidence and that the Board's order is entitled to enforcement.

The Board's findings are affirmed. The petition to set aside the Board's order is denied, and the Board's petition for enforcement is granted.

---

uary 17, 1951. The hearing began February 21, 1951. During the hearing, the Board directed that the complaint be amended, over respondent's objection, to add the names of two employees—Mary Clemens, discharged July 21, 1950, and Tennent, discharged July 28, 1950. These two discharges occurred about seven months before the filing of the amendment. * * *" 201 F.2d at 491.

5. The case upon which petitioner primarily relies, N.L.R.B. v. Vare, 2 Cir. 1953, 206 F.2d 543, is distinguishable. The original charge in that case was against an estate which was operating a business following the death of a sole proprietor. The amended charge was against a partnership which succeeded the estate. The court concluded that the "amended charges" were in fact "new and different charges alleging new and different unfair labor practices against a new and different respondent". 206 F.2d at 546.

6. See also N.L.R.B. v. Pine Products Corporation, 9 Cir. 1966, 361 F.2d 480; Shattuck Denn Mining Corp. v. N.L.R.B., 9 Cir. 1966, 362 F.2d 466; N.L.R.B. v. Mrak Coal Company, 9 Cir. 1963, 322 F.2d 311.

7. Quoting from Universal Camera Corp. v. National Labor Relations Board, 340 U.S. 474, 488, 71 S.Ct. 456, 95 L.Ed. 456.